## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### (Pensacola Division)

| | | |
|---|---|---|
| INTELLIGENT MANAGEMENT SOLUTIONS, LLC d/b/a IMS EXPERTSERVICES, 4400 Bayou Boulevard, Suite 6 Pensacola, Florida  32503, | : : : | CASE NO.: |
| Plaintiff, | : | JUDGE: |
| v. | : | |
| JAY LINK, P.O. Box 210 Minong, Wisconsin  54859 | : : | |
| Defendant. | : | |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

NOW COMES Plaintiff Intelligent Management Solutions, LLC d/b/a IMS ExpertServices ("IMS"), by and through its undersigned counsel, and for its Complaint against Defendant Jay Link ("Mr. Link"), hereby alleges and states as follows:

1.      At all times relevant hereto, Plaintiff IMS was and is a limited liability company organized under the laws of the State of Florida, having its

principal place of business in Pensacola, Florida.  Plaintiff IMS was and is in the business of providing expert consulting services to consumers.

2.      At all times relevant hereto, there was a single member of said limited liability company, namely, Expert Holdings, LLC, which is a limited liability company organized under the laws of the State of Texas and having its principal place of business in Texas.  Further, at all times relevant hereto, Expert Holdings, LLC, consisted of two members, IMS Blocker, Inc., which owns 80% of Expert Holdings, LLC, and IMS HoldcoFL, Inc., both being corporations organized under the laws of the State of Florida.  Said entities are the only members of Expert Holdings, LLC.

3.      Accordingly, all entities pertaining to Plaintiff IMS, including its members, holding companies, and related entities, are citizens of the States of Texas or Florida and have their principal place of business in Texas and/or Florida.

4.      At all times relevant hereto, Defendant Jay Link was and is a citizen of the state of Wisconsin, residing in Washburn County, Wisconsin.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, including any members of Plaintiff limited liability company,

and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.      This Court has personal jurisdiction over Defendant as Defendant solicited and engaged with Plaintiff IMS in Florida for its business services, and Defendant has other such other minimum contacts with the State of Florida such that he is subject to suit in this State.

7.      Venue is proper under 28 U.S.C. § 1391 because Plaintiff IMS is a limited liability company organized under the laws of the State of Florida, having principal place of business in Pensacola, Florida, and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

8.      On or about February 16, 2017, Plaintiff and Defendant, through its agents, servants, employees, or assigns, entered into a services contract for the retention and use of an expert consultant to assist, advise, and render opinions to Jay Link in connection with the case of *Jay E. Link v. John E. Link, Troy J. Link, John A. Hermier,* Washburn County Circuit Court, Wisconsin, Cir. Ct. No. 2011CV62.

9.      On or about February 16, 2017 Defendant Link executed engagement letters (hereinafter the "Contracts") with Plaintiff IMS which set

forth the scope and terms of Plaintiff IMS's services, as well as all payment obligations.   Specifically, as consideration for the engagement of expert witnesses, Defendant agreed to pay the expert consultants' hourly rate and Plaintiff IMS's fees directly to Plaintiff IMS.

10.     Pursuant to the terms of the Contracts, Plaintiff and Defendant agreed invoices would be presented to Defendant Link, or his agents, by Plaintiff IMS on a monthly basis, and payment would be due within thirty (30) days of the invoice date.

11.     A true and accurate copy of the Contracts which existed between Plaintiff IMS and Defendant Jay Link will be separately filed with Court under seal. *See Exhibit A to Plaintiff's Complaint*.

## COUNT I:  BREACH OF CONTRACT

12.     Plaintiff IMS hereby incorporates the allegations of Paragraphs 1 through 12 of the Complaint as Paragraphs 1 through 12 of Count I of the Complaint, as if fully set forth herein.

13.     From February 16, 2017, or thereabouts, Plaintiff IMS and the expert consultants it identified to provide services to Defendant Link rendered services as requested and pursuant to the Contracts.  In association with the provision of said services, Plaintiff IMS provided to Defendant itemized

invoices for services.  Those invoices for services shall be filed separately with the Court under seal. *See Exhibit B to Plaintiff's Complaint*.

14.    Despite the terms of the contracts in question and fulfillment of contractual responsibilities by Plaintiff and its agents, Defendant has failed and refused to provide the compensation required under the contract for services rendered.  At present, Defendant is indebted to Plaintiff in the amount of Sixty Thousand Nine Hundred Thirty-Five Dollars and Ten Cents ($60,935.10) for base compensatory damages, not including interest, costs, attorneys' fees, or other damages, all of which Plaintiff IMS is entitled to pursuant to the contract in question.  *See Exhibit A*.

15.    Pursuant to the parties' agreement, Defendant is also indebted to Plaintiff for interest, attorneys' fees, and other costs associated with bringing this litigation, all of which Plaintiff IMS is entitled to pursuant to the contract in question and when combined with base compensatory damages totals an amount in controversy in excess of $75,000.00.  See Exhibit A.

16.    All conditions precedent for Plaintiff to receive payment of the amounts owed pursuant to the Contracts have occurred.

17.     Despite reasonable demand, Defendant has failed and refused to satisfy this debt, and has forced Plaintiff to seek the services of an attorney, thereby breaching the Contracts, and causing Plaintiff to sustain damages.

## COUNT II:  UNJUST ENRICHMENT

18.     Plaintiff IMS hereby incorporates the allegations of Paragraphs 1 through 18 of Count I of the Complaint as Paragraphs 1 through 18 of Count II of the Complaint, as if fully set forth herein.

19.     Plaintiff IMS provided Defendant with expert consultants for use by Defendant, thereby conferring a benefit on the Defendant.

20.     Defendant has failed to compensate Plaintiff for the benefit conferred through the provision of the subject experts and the fulfillment of other duties by Plaintiff.

21.     Under the circumstances, it would be unfair and unjust for Defendant to not compensate Plaintiff for the benefit of utilizing said experts and the benefits conferred by the services of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IMS respectfully requests an award of compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, court costs, and any additional relief to which Plaintiff may be entitled.

## **JURY DEMAND**

A trial by jury is hereby demanded.

Respectfully submitted,

Brian P. Henry, Esq. (89069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida  34240
Phone: (941) 684-0100
Fax:   (941) 684-0109
Service: bhenry@rolfeshenry.com
        srainwater@rolfeshenry.com

*Attorney for Plaintiff*
*Intelligent   Management   Solutions,*
*LLC*
